UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATTHEW JAMES ALLEN,<br>   *Plaintiff*,<br><br>   v.<br><br>TROY JORDAN and YALE NEW HAVEN HOSPITAL,<br>   *Defendants*. | No. 3:22-cv-325 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Matthew Allen has filed this *pro se* and *in forma pauperis* action against a private hospital and one of its staff members for an alleged assault that occurred while he was committed for psychiatric treatment. Because it appears that the complaint fails to state a claim for which relief can be granted in federal court, the Court shall require Allen to file an amended complaint or a response by **June 24, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

The following facts are drawn from Allen's complaint and assumed to be true solely for the purpose of this order.

In May 2019, Allen was admitted to the psychiatric ward of Yale New Haven Hospital on a physician's emergency certificate.[1] Allen alleges that, shortly after he was admitted, an employee named Troy Jordan recklessly and wantonly assaulted him and filed a false police report against him.[2] Allen, Jordan, and Yale New Haven Hospital are all citizens of Connecticut.[3]

---

[1] Doc. #1-1 at 2 (statement of claims).
[2] *Id*. at 1.
[3] Doc. #1 at 1 (complaint). While the complaint does not allege the citizenship of Yale New Haven Hospital, it describes its address as "20 York St" in "New Haven, CT." Doc. #1-1 at 1. The Court takes judicial notice that Yale-New Haven Medical Center, Inc., is a domestic corporation formed in Connecticut with that business address. *See* CONNECTICUT DEPT. OF ECON. AND COMMUNITY DEVELOPMENT, Business Records Search for "Yale New Haven Medical," available at https://service.ct.gov/business/s/onlinebusinesssearch (last accessed on June 8, 2022).

According to Allen, the incident involving Jordan took place as follows. The day following his admission, Allen was quietly talking to himself when a nurse came in and told him to take medication.[4] Although she told Allen that taking the medicine was voluntary, the nurse nonetheless insisted on medicating him by needle over his objections.[5] Jordan then came into the room and put Allen in restraints.[6] Allen did not physically resist, but he spit in Jordan's direction, in part because he had perceived Jordan as being rude to him the day before.[7] Jordan then "violently choked and punched [Allen] in the face multiple times" while he was in four point restraints, causing him to suffer "a black eye and lacerations on his chin."[8] After the incident, Jordan called the New Haven Police to report that Allen had spit on him (when in fact he had only spit in his direction) and indicated that he wished to press charges for assault.[9]

Allen subsequently observed Jordan at work during three additional shifts in the Yale New Haven Hospital emergency room, as well as during another hospitalization in December 2020.[10] Allen was "deeply traumatized and suffered much emotional duress and emotional pain and suffering from the incident," which he considers "the scariest moment of his life."[11]

Allen filed a civil rights complaint pursuant to 42 U.S.C. § 1983 claiming that Jordan and Yale New Haven Hospital, who are "entrusted with care of patients who are ordered there under authority of state government," violated his constitutional rights by subjecting him to "cruel [and] unusual punishment."[12] Allen seeks monetary relief from both defendants in an unspecified

---

[4] Doc. #1-1 at 2.
[5] *Ibid.*
[6] *Ibid.*
[7] *Ibid.*
[8] *Ibid.*
[9] *Id.* at 3.
[10] *Ibid.*
[11] *Ibid.*
[12] Doc. #1 at 2-3.

amount.[13]

## DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Allen may file a response if he wishes to.

Allen's complaint alleges liability for violation of his federal constitutional rights under 42 U.S.C. § 1983. This civil rights statute generally allows a plaintiff to seek relief against a person who acts under color of state law to violate a plaintiff's federal constitutional rights. A prerequisite for any claim under § 1983 is that the defendant acted in a governmental capacity—that is, that the defendant was a "state actor" for purposes of the challenged conduct. Put differently, a plaintiff may not maintain an action under § 1983 against a private party unless the plaintiff shows that the private party's actions amounted to action that was undertaken in a state or governmental capacity. *See Fabrikant v. French*, 691 F.3d 193, 206–09 (2d Cir. 2012).

---

[13] *Id*. at 5.

Just what does it mean for a private party to be a state actor? The Second Circuit has articulated three different tests to answer this question. "A private entity acts under color of state law for purposes of § 1983 when (1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (brackets in original).[14] Thus, "[t]he fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Ibid.*

Allen conclusorily claims that "[a]t the time the claim(s) alleged in th[e] complaint arose," the defendants were "acting under color of state law."[15] But he alleges no facts to support this. Yale New Haven Hospital is a private hospital, and the complaint does not include any allegations that would transform it into a state actor under any of the tests described above. *See Febres v. Yale New Haven Hosp.*, 2019 WL 7050076, at *3 (D. Conn. 2019). The Second Circuit has held that a private hospital's involuntary commitment of a patient does *not* constitute state action, even if the hospital receives state funding and is subject to extensive state regulation. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (citing *McGugan*, 752 F.3d at 229–31). Yale New Haven Hospital is therefore not a state actor for purposes of § 1983.

Neither is Jordan. Staff employed by a private hospital are "private individuals," not state actors amenable to suit under § 1983. *See Gibson v. Emps., Supervisors Adm. of Drs. Nurses E. Elmhurst Hosp Med Students*, 2020 WL 5645983, at *4 (S.D.N.Y. 2020), *appeal dismissed*

---

[14] For purposes of readability, my quotations from court decisions in this ruling omit internal citations, quotation marks, and bracketing unless otherwise noted.
[15] *Id.* at 2 (checking "Yes" in answer to question whether each "defendant [was] acting under color of state law").

(2021). Allen has not alleged that Jordan was employed by or under contract in any manner with the State of Connecticut.

Although Jordan called the police after the incident to report Allen for spitting on him, Allen has not alleged that the police took any subsequent action in violation of his civil rights. Nor has he alleged that Jordan acted jointly with the police to achieve a shared goal of violating his civil rights. *See Betts v. Shearman*, 751 F.3d 78, 86 (2d Cir. 2014) (no state action where plaintiff was "arrested upon the false accusation of assault made against him by a private citizen to the police" because plaintiff did not plausibly allege that his accuser and the arresting officers "shared a common goal of violating [his] rights"). Because the alleged conduct of Yale New Haven Hospital and Jordan is not fairly attributable to the state, Allen's § 1983 claims cannot proceed.

As for any state law claims, the complaint here does not allege facts to show that this Court would have diversity jurisdiction under 28 U.S.C. § 1332. First, the facts alleged suggest that Allen, Jordan, and Yale New Haven Hospital are all citizens of the same State (Connecticut) rather than citizens of different States. Second, Allen does not allege facts to suggest that Jordan or Yale New Haven Hospital caused him over $75,000 in damages. The Court therefore has no basis on which to exercise diversity jurisdiction under 28 U.S.C. § 1332 over Allen's state law claims. Moreover, if there are no plausible federal law claims, then the Court would likely decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims.

## CONCLUSION

Because the complaint does not appear to allege facts that establish plausible grounds for relief in federal court, it appears that the complaint may be subject to dismissal. But if Allen has

grounds to file an amended complaint that overcomes these concerns, then he may file a response to this order to show cause by **June 24, 2022**.

 It is so ordered.

 Dated at New Haven this 8th day of June 2022.

               /s/ *Jeffrey Alker Meyer*
                Jeffrey Alker Meyer
                United States District Judge